## LAWS et al. v. ROGERS.

No. 11912—Opinion Filed Sept. 25, 1923.

**Negligence—Damages from Automobile Collision—Contributory Negligence—Instructions.**

Where, in a suit for damages because of injury arising from a collision of automobiles on the streets of a city, the plaintiff pleads negligence under the common law and under a state statute, and the defendants answer charging contributory negligence upon the part of the plaintiff by reason of the violation of certain city ordinances equally binding upon both plaintiff and the defendants, and there is a conflict of evidence both as to the defendants' negligence and the plaintiff's contributory negligence, it is not error for the trial judge to lay down a rule in his instructions equally applicable to

the negligence on the part of the defendants and the contributory negligence on the part of the plaintiff. Likewise, it is not error for the trial judge to fail to lay down the liberal common-law rule of ordinary care by which to measure defendants' negligence and to lay down a rule requiring a higher and stricter degree of care by which to measure the plaintiff's contributory negligence.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Geo. W. Clark, Assigned Judge.

Action by V. L. Rogers, as plaintiff, against G. W. Laws, Thomas Laws. and John Arberry, for damages alleged to have been sustained by plaintiff because of a collision of automobiles driven by plaintiff and Thomas Laws. Judgment for plaintiff against G. W. Laws and Thomas Laws, and they appeal. Affirmed.

A. F. Moss, L. G. Owen, and J. C. Farmer, for plaintiffs in error.

C. A. Steele and W. A. Daugherty, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to herein as they appeared in the trial court.

The plaintiff began this action against the defendants on the 9th of July, 1918, in the district court of Tulsa county. It is alleged in the petition that an automobile owned by G. W. Laws, and in which Thomas Laws and John Arberry were riding, and being driven by Thomas Laws with the knowledge and consent of G. W. Laws, the owner, collided, on East Second street in the city of Tulsa, with an automobile owned and driven by the plaintiff, resulting in injury and damage to plaintiff, both to his person and to his car,

The negligence charged against the defendants is, in substance, that the defendant Thomas Laws was driving at a dangerous rate of speed, that the car of defendants was made to zigzag along the street in its onward progress, that defendants' car was without a headlight on the right side and with a too bright spotlight on the left side, that the driver of defendants' car was in a state of intoxication, and that the driver of defendants' car carelessly and negligently drove the car against plaintiff's car when plaintiff was on his own side of the street under the rules of the road, and when plaintiff was stopped or moving very slowly.

The defendants G. W. Laws and Thomas Laws filed separate amended answers specifically denying all the allegations of negligence set out in plaintiff's petition. Fur-

ther answering defendants charged that plaintiff's injury was occasioned by his own negligence which was the proximate cause of the injury, and further pleaded contributory negligence which concurred in producing plaintiff's injury, setting up what defendants claimed to be the facts, and further alleged that plaintiff, in the operation of his car, on the occasion referred to, violated city ordinance No. 1402 requiring that a driver operate his car in a careful manner, and No. 1421, providing that no person shall willfully or recklessly ride or drive so as to produce a collision, and No. 1424 regulating the speed of vehicles, and No. 1399 requiring drivers on the street to drive to the right of the center of the street.

The defendant John Arberry was released from any obligation in the matter on motion for a directed verdict as to him, at the close of the evidence, the plaintiff, at the time, agreeing that there was no liability on the part of Arberry.

No question was raised upon the trial as to the sufficiency of the evidence as against the defendants G. W. Laws and Thomas Laws, and no complaint is made here that the evidence was insufficient.

Upon the announcement of rest by the respective parties, the trial judge instructed the jury in part as follows:

"(5) Under the laws applicable to this case, it was the duty of both the plaintiff and the defendant Thomas Laws in the operation of their automobiles to each drive upon the right hand side, or to the right of the center of the street in the direction in which they were respectively traveling, and a failure to do that would of itself be negligence.

"(6) Under the law applicable to this case the driver of each of these automobiles was under obligations to drive the same in a careful manner and with due regard to the safety and convenience of pedestrians and of other vehicles, and street cars, and to avoid driving such automobiles in such manner as to come in collision with or strike any other vehicle, object, or person upon the street. A violation of this provision of the law would also be an act of negligence on the part of the person so violating such requirements.

"(7) If the defendant Thomas Laws, in the operation of the automobile that he was driving, violated these provisions of the law, and such act upon his part produced the injury of which plaintiff complains, and the resulting damages, the defendants G. W. Laws and Thomas Laws would each be liable for the damage resulting to plaintiff by reason thereof, unless the plaintiff himself in the operation of the automobile that he was driving, was also negligent and violated

these laws to which I have just referred, and such negligence and violation of the rules upon his part contributed to the injuries of which the plaintiff complains. In other words, the defendant has pleaded what is known in law as contributory negligence, in addition to the general denial of negligence upon his part, and the rule is that where one commits an act of negligence which results in injury to another, he is liable for the damages resulting therefrom unless that other person by his acts of negligence contributes to that injury.

"(8) So, in this case, notwithstanding you might find by a preponderance of the evidence that the defendant Thomas Laws, in the operation of this automobile being driven by him, was negligent, and his negligence resulted in the injury complained of, if the plaintiff himself, in the operation of the automobile which was being driven by him was also negligent in such operation and his negligence contributed to the injury of which the plaintiff complains, no recovery could be had and your verdict should be in favor of the defendant.

"(12) Evidence has been introduced to the effect that the plaintiff, in the operation of his automobile just a short time prior to the collision and within a distance which the jury will determine, turned his automobile to the left and across the center of the street, so that at the time of the collision his car was on the south side of this Second street going west, which would be upon the wrong side of the street at the time, as prescribed by the ordinances of the city, and if you should find from the evidence that the plaintiff's car was upon the wrong side of the street, under these instructions, at the time of the collision then the fact that he was there would be an act of negligence on his part. The jury are to determine whether his being there at that time contributed to the injuries complained of."

The defendants excepted to the giving of instructions Nos. 5, 6, 7, and 8, and instruction No. 12 was given at the suggestion of the defendants that the point therein contained had not been otherwise sufficiently covered.

The jury returned a verdict for the plaintiff for the sum of $350 on which judgment was entered, and motion for a new trial was filed and overruled.

The defendants assign as error the giving of instructions 5, 6, 7, and 8, and contend that the giving of these instructions will necessarily work a reversal of the judgment. Their contention, if we properly understand them, is, that since the allegations of plaintiff's petition charged negligence under the common law, the plaintiff could recover only under the rules of the common law, and that the court should have instructed the

jury that the defendants would be liable only in case the jury should find that the defendants failed to exercise ordinary care to not injure plaintiff. That ordinary care to not injure plaintiff was all defendants owed him. But, that since the defendants had pleaded and proven the city ordinances above referred to, that in considering the matter as to whether the plaintiff was contributorily negligent the jury should have been advised that if the plaintiff violated any of the city ordinances referred to it would amount to actual negligence upon the part of the plaintiff. That in considering the liability of the defendants, their conduct should be measured by the common-law rule, without any reference to city ordinances, but in considering whether the plaintiff was contributorily negligent he should be held to a strict observance of the city ordinances so pleaded and proven by the defendants. Defendants wanted the trial court to try the plaintiff's side of the case according to the rules of the common law, but wanted the defendants' defense submitted upon the question of whether plaintiff had violated any of the city ordinances. The defendants wanted to be held only by the liberal rule of ordinary care without any reference to city ordinances, and the plaintiff held to a strict observance of the city ordinances, and contend that plaintiff could not recover even though defendants did not exercise ordinary care if plaintiff himself had violated the city ordinances. They wanted the law so declared to the jury that the defendants' liability would be measured by the liberal rule of ordinary care and the plaintiff's contributory negligence measured by a higher degree of care amounting to a strict observance of the city laws.

We find ourselves unable to agree with the defendants that one rule should be applied to defendants in their relationship to the plaintiff, and another rule applied to the plaintiff in his relationship to the defendants. Aside from any pleading or proof, the duties that the respective parties owed each other were precisely the same. Both, equally, owed the duty to observe the rules of the road, and to not violate the laws of the locality in which they were driving, and to respect the rights of each other. The plaintiff and defendants in this case stood upon precisely the same footing, and we are unable to see how that the matter of pleading could create a liberal rule for one and a higher, stricter rule for the other.

The plaintiff alleged negligence under the common law, and when the defendants answered and pleaded the city ordinances, they, in effect, said, here are local laws equally binding upon the plaintiff and defendants, and charged that the plaintiff had violated them, which contributed to his injury. Defendants do not, and cannot successfully deny that the ordinances were equally binding upon themselves as well as the plaintiff, but insist that for the purposes of this case they were not binding upon the defendants because plaintiff did not plead and prove the ordinances.

No case has been pointed out to us, and upon independent investigation we have been unable to find any case where any court has approved the idea of submitting defendants' negligence to the jury under one rule, and the plaintiff's contributory negligence under an entirely different rule.

We conclude that since, aside from the pleading and proof in this case, the plaintiff and defendants stood upon precisely the same footing, what was a good rule for one was a good rule for the other.

We have carefully read all of the instructions given, and have carefully scrutinized those quoted herein, and we are impressed with the absolute fairness of the instructions to both parties.

We think that the learned trial judge did not err in his pronouncements of the law of the case as he gave them, and likewise did not err in failing to submit the defendants' negligence to the jury under one rule and the plaintiff's contributory negligence under a higher and stricter rule.

We have examined the whole proceeding, and all of the defendants' assignments of error, and have concluded that the defendants had a fair trial and that the judgment should be affirmed.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.